# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDDIE RIVERA,**

        **Plaintiff,**

**-vs-**                                               **Case No.  6:07-cv-1084-Orl-18KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 23)** |
| **FILED:** | **December 4, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Rivera, seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered on August 21, 2008.  Doc. No. 20.  An award of fees is, therefore, ripe for consideration.

Rivera's attorney seeks $5,185.35 in attorneys' fees for 31.1 hours of work: 28.6 hours of work performed in 2007; and 2.5 hours of work performed in 2008.  Doc. No. 21-3.  The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI).  28 U.S.C. §

2412(d)(2)(A). Rivera has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $165.93 per hour for work performed in 2007, and $175.89 for work performed in 2008. Doc. No. 21-2. This would lead to an award of $4,745.60 for work performed in 2007, and $439.75 for work performed in 2008, for a total award of $5,185.35. The defendant, the Commissioner of Social Security, does not object to the motion. After reviewing the papers submitted by Rivera, I find that the fees requested are appropriate in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorneys' fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Rivera submitted an Assignment by which he assigned any attorneys' fees awarded by the Court pursuant to the EAJA to Attorney Fugate. Doc. No. 21-4. Rivera, being the individual entitled to any EAJA attorneys' fees awarded by the Court, had the right to assign those fees to his counsel. *See, e.g.*, *Turner v. Astrue*, No. 5:07cv09/RS-EMT, 2008 WL 2561966, at * 2-3 (N.D. Fla. June 24, 2008).

Accordingly, I respectfully recommend the Court **ORDER** that the Commissioner pay to Attorney Fugate $5,185.35 in attorneys' fees and costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 5, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE